Mr. Justice Thacker
delivered the opinion of the court.
At the December term, 1844, of the probate court of Choctaw county, the appellant filed his petition praying for letters of administration upon the estate of Charles Muirhead, deceased, intestate. This petition alleges that the deceased died on the 28th day of November, 1844, and that petitioner is his son and heir. At the January term, 1845, Catherine Muirhead, appellee, filed her petition praying for letters of administration upon the same estate for herself and James A. Peeples, her next friend. This petition alleges that the deceased died on or about the 19th day of December, 1844, and that petitioner was his widow. The appellant contested the right of the appellee to the prayer of her petition. At the February term following of the probate court, the appellant moved for a continuance of the hearing of the cause on account of the absence of a witness by whom he expected to prove that a short time previous to the marriage of the appellee and the deceased she and an individual were living as husband and wife. This motion was overruled. Upon the hearing, the appellee introduced a decree of a circuit court of the divorce of the deceased from a former wife. The appellant proved that the. appellee had, some few days before the December term of the probate court, in conversation with the appellant, waived her right to letters of administration upon the estate, and desired him to obtain the same in his own behalf. The court below revoked the letters of administration of the appellant and decreed letters to the appellee upon the estate.
The statutes of this state, H. & H. 395, sec. 35, prefer first the husband or wife in the grant of letters of administration. By this statute, the privilege of the husband or wife surviving may be lost by their failure to apply for such letters within *455 sixty days from the death of the intestate, or at the next succeeding court after the expiration of sixty days from the death of the intestate. There seems to be some doubt, in the case at bar, concerning the precise date of the decease of Charles Muirhead; but if we presume it to have occurred at the earliest day charged in the record, to wit, on the 28th day of November, 1844, the application of his widow at the January term of the probate court following that date, was within the time prescribed by law. The objection, therefore, raised to the lateness of the widow’s application for letters of administration, is not effectual.
It is also insisted that the probate court, having made an appointment of administrator, cannot remove the incumbent unless for some defined statutory cause. This position, as a general rule, is correct, but it is unavailable where the appointment of that incumbent is shown to have been premature.
The objection, grounded upon the fact that the probate court refused the application for a continuance of the hearing, cannot operate beneficially for the appellant here. It has been repeatedly decided that the judgment upon an application for a continuance, being a matter of judicial discretion, is not a good cause of error. In this instance, moreover, the affidavit for a continuance was in point of law insufficient, in not setting out that the individual, charged to have been the husband of the appellee, was alive at the date of her marriage with the intestate, and also in some other respects, and the motion was therefore properly overruled. The attempt of the appellee, upon the hearing, to prove the divorce of the intestate from a former wife, was altogether gratuitous and unnecessary, and may be treated as surplusage. The legitimacy of her marriage with the intestate was not contested, or pretended to be, on the score of his incapacity to contract a marriage with her.
Finally, the position that the appellee waived her statutory privilege to a grant of letters in the first instance, is equally unsubstantial. This waiver does not appear to have been *456 done in court, but merely to have been privately made to the appellant, with a request to him to assume and apply for the office. In this particular, she had a right, and, it seems, did change her mind within the time allowed her by law.
Judgment affirmed.